IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARRY GOSIER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 19-cv-1199-NJR ) |
| SCOTT THOMPSON, SHANE MERCIER, DEBBIE KNAUER, K. GEPPERT, and L. GREEN, | ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Harry Gosier, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges defendants withheld his legal mail on two occasions. He asserts claims against the defendants under the First and Fourteenth Amendments. Plaintiff seeks monetary damages.[1]

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] As part of Plaintiff's request for relief he sought immediate release from prison. The Court denied that request (Doc. 3) because the sole remedy for a prisoner challenging his fact of confinement is through a writ of habeas corpus, not Section 1983.

1

**The Complaint**

On November 16, 2018, and March 7, 2019, Plaintiff alleges that the mailroom confiscated two pieces of legal mail (Doc. 1, pp. 12 and 14). The first batch of mail consisted of documents necessary for his state clemency petition. The second batch of mail also consisted of documents for a petition to be released from prison. Because Plaintiff was not allowed the documents, he was not able to seek clemency. Plaintiff identified K. Geppert and L. Green as the mailroom staff members who confiscated his legal mail. Warden Scott Thompson gave the order to confiscate the mail (*Id*. at pp. 2, 4-5, and 15).

Plaintiff submitted a grievance about his November 16 legal mail. Grievance Officer Mercier informed Plaintiff that he was not allowed to receive legal mail and must conduct legal work in the law library. Plaintiff believes that Mercier and Thompson falsified and destroyed documents because they noted in their response that the mail room does not have a record of the notification sent to Plaintiff informing him that his mail had been confiscated. Mercier also stated that the mail room does not withhold legal mail (Doc. 1, pp. 13 and 27). Administrative Review Board member Debbie Knauer also denied his grievance and refused to address his issues (*Id*. at p. 13). When Plaintiff submitted a second grievance about his March 7 legal mail, another grievance officer informed Plaintiff that legal mail had been inappropriately confiscated and that inmates are allowed to receive outside legal documents (*Id*. at pp. 14 and 24). Plaintiff believes that the second grievance response demonstrates that Mercier lied in the first response, improperly denying him access to his legal mail (*Id*. at p. 25).

**Preliminary Dismissals**

Plaintiff attempts to raise a conspiracy claim against all of the defendants. First, conspiracy is not an independent basis of liability in Section 1983 actions. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir.2008); *Cefalu v. Vill. of Elk Grove,* 211 F.3d 416, 423 (7th Cir.2000). "There is no constitutional violation in conspiring to cover-up an action which does not itself violate the Constitution." *Hill v. Shobe,* 93 F.3d 418, 422 (7th Cir.1996). Although a plaintiff can allege that individuals conspired to violate his constitutional rights, allegations of a conspiracy have routinely been held to a higher pleading standard than other allegations. *Geinosky v. City of Chicago*, 675 F.3d 743, 749 (7th Cir. 2012). The Amended Complaint

must allege a "plausible account of a conspiracy." *Id.* Bare conclusions are not enough. Likewise, allegations suggesting that there is only a suspicion of a conspiracy do not suffice. Here, Plaintiff offers nothing more than a legal conclusion that the defendants conspired against him. Accordingly, Plaintiff's conspiracy claims are **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate a single count in this *pro se* action:

> **Count 1:** First and/or Fourteenth Amendment access to courts claim against Scott Thompson, Shane Mercier, Debbie Knauer, K. Geppert, and L. Green for confiscating Plaintiff's legal mail on two occasions.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, the allegations state a viable claim for interference with access to the courts against Scott Thompson, Shane Mercier, K. Geppert, and L. Green. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir.1999), *Guajardo-Palma v. Martinson*, 622 F.3d 801, 804-806 (7th Cir. 2010).

As to Debbie Knauer, however, Plaintiff fails to state a claim. He alleges only that Knauer denied his grievance and failed to remedy his complaints. The denial or mishandling of a grievance does not amount to a constitutional violation. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Because Plaintiff only alleges that Knauer denied the grievance, his claim against her is **DISMISSED without prejudice**.

---

[2] This includes Plaintiff's claims under the Eighth Amendment. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

**Disposition**

For the reasons stated above, Count 1 shall proceed against Scott Thompson, Shane Mercier, K. Geppert, and L. Green but is **DISMISSED without prejudice** as to Debbie Knauer. The Clerk is **DIRECTED** to **TERMINATE** Knauer from the docket.

The Clerk of Court shall prepare for Defendants Scott Thompson, Shane Mercier, K. Geppert, and L. Green: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in

address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  1/23/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**