IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARRY GOSIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-1199-NJR |
| ) | |
| ) | |
| SCOTT THOMPSON, SHANE ) | |
| MERCIER, KRISTY GEPPERT, LORI ) | |
| GREEN, and JOHN DOE #1, ) | |
| ) | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Gosier's Second Amended Complaint (Doc. 49). Gosier's original Complaint asserted a single access to courts claim against Scott Thompson, Shane Mercier, Kristy Geppert, and Lori Green for confiscating his legal mail on two occasions (Doc. 10, p. 3). Defendants filed a motion for more definite statement, seeking a more definite statement as to the nature of the documents, who sent the documents, and how the documents qualified as legal mail. They also sought a more definite statement on deadlines that Gosier missed as a result of the confiscated documents and how their actions caused him to miss the deadlines.

The Court assigned Gosier counsel to draft an Amended Complaint, but Gosier later asked for that counsel to be withdrawn (Docs. 24 and 25). That request was granted, and Gosier was ordered to proceed *pro se* and file an Amended Complaint (Docs. 32 and 33). On June 25, 2021, Gosier filed an Amended Complaint (Doc. 34). The Amended

1

Complaint was also dismissed for failing to state a claim; specifically, it was dismissed because he did not identify how the individual Defendants participated in withholding his mail. Gosier was again granted leave to amend his Complaint. On March 1, 2022, he filed his Second Amended Complaint (Doc. 49).

This case is now before the Court for preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Second Amended Complaint

In his Second Amended Complaint (Doc. 49), Gosier makes the following allegations: On November 16, 2018, completed executive clemency petitions were received at Pinckneyville for Gosier (Doc. 49, p. 7). He was later told by Thompson, Mercier, Green, and Geppert that no mail arrived that date, but he was given notification from Thompson, Mercier, Green, and Geppert that he was not allowed to receive the completed petitions and he had to conduct his legal research in the library (*Id.* at pp. 7, 11). On March 7, 2019, additional legal mail was confiscated by Green and Geppert (*Id.* at p. 7). This mail was sent by Cassandra Ross, Gosier's outside "source," and also consisted of Gosier's clemency petition, which he just had to sign and send to the Governor (*Id.* at pp. 7, 11). Gosier alleges that Thompson, Mercier, Green, and Geppert then put him on a

legal mail restriction, and he was not allowed to receive any mail, especially any completed clemency petitions (*Id*. at pp. 11-12).

Gosier had a deadline of 90-days from September 20, 2018, to complete his clemency petition (*Id*. at p. 10). Because he did not receive the clemency petition, he missed the deadline to submit it (*Id*. at p. 10). He also alleges that Defendants tampered with and changed his "master file" (*Id*.). Because Defendants denied him access to his clemency petition, Gosier alleges that he lost his clemency petition and spent an extra three years in prison (*Id*. at p. 11). Gosier maintains that Green, Geppert, Mercier, and Thompson were eventually found guilty by IDOC investigation officers for obstruction of justice and mail tampering, lying, access to courts, prejudice and discrimination, and conspiring to violate his civil rights (*Id*. at p. 9).

Gosier also maintains that he was supposed to receive legal mail in order to file a Section 1983 complaint, but the package was missing documents and he was unable to file a complaint. Although Gosier maintains this occurred on October 28, 2019, he does not indicate what the legal mail consisted of or what claim he sought to file (*Id*. at p. 12). He blames Mercier, Green, Geppert, and Thompson for his inability to file a lawsuit (*Id*. at p. 8).

He also blames a John Doe #1 at the prison review board for robbing him of his freedom but alleges that John Doe #1 is not a real person (*Id*. at p. 8). But Gosier believes that there are emails between Mercier and John Doe #1 and that they falsified his master file and other records (*Id*.). He alleges that they both maintained he was never offered clemency. He alleges that Mercier called the Governor's Office when he has a letter from

the Governor's Office stating something different (*Id*. at p. 9). Mercier also conspired with Thompson and John Doe #1 to interfere with his legal mail.

## Preliminary Dismissals

Gosier seeks to raise access to courts claims regarding two sets of documents: a clemency petition which was withheld by Defendants on two occasions and documents he received in the mail related to a Section 1983 case. As to the documents Gosier intended to use in a future Section 1983 case, the Court finds that Gosier fails to state a claim. He provides very little information about the documents. He only states that the package was received on October 28, 2019. He does not indicate what the documents were that he received, what documents were missing, what claims he sought to pursue, and how those claims were lost. Because Gosier provides no additional facts about this claim, it is **DISMISSED without prejudice**.

Further, to the extent Gosier seeks to allege a conspiracy claim, a plaintiff can allege that individuals conspired to violate his constitutional rights, but those allegations of a conspiracy have routinely been held to a higher pleading standard than other allegations. *Geinosky v. City of Chicago*, 675 F.3d 743, 749 (7th Cir. 2012). A complaint must allege a "plausible account of a conspiracy." *Id.* Bare conclusions are not enough. Likewise, allegations suggesting that there is only a suspicion of a conspiracy do not suffice. Because Gosier fails to offer any allegations beyond his mere suspicions and bare conclusions, his conspiracy claim is also **DISMISSED without prejudice**.

Finally, to the extent Gosier alleges that John Doe #1 interfered with his access to Courts, John Doe #1 is also **DISMISSED without prejudice**. Gosier alleges that John Doe

4

#1 is not a real person. There are also no allegations indicating that he withheld Gosier's mail.

## Discussion

Based on the allegations in the Second Amended Complaint, the Court designates the following count:

> **Count 1:** First and/or Fourteenth Amendment access to courts claim against Scott Thompson, Shane Mercier, Kristy Geppert, and Lori Green for confiscating Gosier's clemency petition on two occasions.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Second Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

At this stage, Gosier states an access to courts claim related to the withholding of his clemency petition submitted through the mail.

## Disposition

For the reasons stated above, Count 1 shall proceed against Scott Thompson, Shane Mercier, Kristy Geppert, and Lori Green. John Doe #1 is **DISMISSED without prejudice**. Gosier's motion (Doc. 58) to reconsider the stay in this case is **DENIED as moot**.

---

[1] This includes any equal protection and cruel and unusual punishment claims which have not been adequately alleged. Gosier's claims alleging obstruction of justice, mail tampering, and any other criminal charge are also considered dismissed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Defendants' Answer deadline was only stayed pending a review of Gosier's Second Amended Complaint.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

    **IT IS SO ORDERED.**

    DATED:  May 16, 2022

                                                  **NANCY J. ROSENSTENGEL**
                                                  **Chief U.S. District Judge**