IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HARRY GOSIER,

        Plaintiff,

v.

SCOTT THOMPSON,
SHANE MERCIER,
KRISTY GEPPERT, and
LORI GREEN,

        Defendants.

Case No. 3:19-CV-1199-NJR

# ORDER

**ROSENSTENGEL, Chief Judge:**

    This matter is before the Court on Plaintiff Harry Gosier's motion to appoint counsel to help him file a motion for reconsideration or a notice of appeal. (Doc. 141). Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, this Court has discretion to recruit counsel to represent indigents in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). In evaluating whether counsel should be appointed, this Court must examine what are known as the *Pruitt* factors and apply them to the specific circumstances of the case. *Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). The Court must ask: "'(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id.* at 761 (quoting *Pruitt*, 503 F.3d at 654).

The Court previously appointed counsel for Gosier, due to his medical condition at that time, to assist him with responding to a motion for summary judgment and to potentially file amended pleadings. (Doc. 75). In his current motion, Gosier explains that he again needs help to appeal his case or file a motion for reconsideration due to his medical condition and because he does not understand how to appeal.

While sympathetic to Gosier's condition, the Court does not find that counsel is necessary for this part of the litigation process. Filing a notice of appeal or motion for reconsideration is a straight-forward task that does not require legal expertise to accomplish. The Seventh Circuit Court of Appeals has explained that a notice of appeal need only (1) identify the party or parties taking the appeal, (2) designate the judgment or order appealed, and (3) name the court to which the appeal is taken. Fed. R. App. P. 3(c)(1). *See Badger Pharmacal, Inc. v. Colgate-Palmolive Co.*, 1 F.3d 621, 624-26 (7th Cir. 1993). Moreover, to the extent that Gosier is seeking appointment of counsel not simply for help filing a notice but instead for help with his arguments on appeal, he must request such appointment from the Court of Appeals rather than this Court.

The Court encourages Gosier to review the Federal Rules of Appellate Procedure for instructions on filing a notice of appeal.

For these reasons, Gosier's motion for counsel (Doc. 141) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   September 22, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**