IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HARRY GOSIER,

       Plaintiff,

v.

SCOTT THOMPSON, SHAYNE
MERCIER, KRISTI GEPPERT,
and LOIS GREEN,

       Defendants.

Case No. 3:19-CV-01199-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on Plaintiff Harry Gosier's motion to reconsider and/or alter or amend judgment (Doc. 143). On August 4, 2025, the Court dismissed all of Gosier's claims in a civil rights suit alleging that several defendants violated his constitutional rights by seizing materials related to his clemency application. (Docs. 134, 135). In his present motion, Gosier faults his court-appointed attorney for failing to amend the complaint to name an additional defendant. Defendants responded in opposition to the motion, and Gosier sought leave to file a reply brief. The Court will grant Gosier's second request and deem the reply brief properly filed. However, the motion to alter or amend the judgment must be denied.

### FACTUAL BACKGROUND

Gosier, an inmate at Pinckneyville Correctional Center in the custody of the Illinois Department of Corrections ("IDOC"), filed this action under 42 U.S.C. § 1983 on October

31, 2019. (Doc. 1). He alleged that Defendants Scott Thompson, Shayne Mercier, Kristi Geppert, and Lois Green (collectively "Defendants") violated his First and Fourteenth Amendment rights in several respects. (Docs. 1; 10). Gosier amended his complaint twice. (Docs. 34; 49). After screening the second amended complaint, the Court allowed Gosier to proceed on one count against Defendants for interfering with his access to the legal system after they allegedly confiscated his clemency petition on two occasions. (Doc. 59). Originally, Gosier proceeded *pro se*, but the Court appointed counsel for Gosier in December 2022. (Docs. 74; 76).

Defendants Thompson, Mercier, Geppert, and Green moved for summary judgment on December 2, 2024, arguing that Gosier lacked evidence that they violated his constitutional rights and asserting the defense of qualified immunity. (Docs. 115; 116). Gosier conceded that summary judgment was proper as to Defendants Thompson, Mercier, and Geppert, but argued that "Defendant Green and Defendant Kimberly Litteken" could be held liable. (Doc. 126, p. 6).

In its order granting summary judgment, the Court explained that the core issue was whether any interference by Defendants with Gosier's legal materials had prejudiced him. (Doc. 134, p. 8). Based on the record before the Court, the answer to that question was no. The state Parole Review Board ("PRB") informed Gosier that he must submit his clemency petition by October 25, 2018, in order to be considered in the January 2019 cycle. (*Id.*). Kimberly Litteken, a prison employee, confiscated certain papers mailed to Gosier on November 16, 2018, and she testified that the mailroom typically processed mail within a few days of its receipt. (*Id.*). The Court therefore found that "the submitted

evidence suggests that Pinckneyville received the mail after the deadline to submit a clemency petition had passed . . . . [t]hus, the November confiscation had no impact on his ability to submit his petition by the deadline." (*Id.*). The Court also observed that Ms. Litteken was not named as a defendant, and Ms. Green, the only remaining defendant, was only implicated in Gosier's claim that duplicate copies of certain documents had been improperly withheld from him in March 2019. The Court held that Ms. Green was entitled to qualified immunity because no law clearly established that her confiscation of duplicate copies was unconstitutional. (*Id.* at p. 11).

After the Court entered judgment, Gosier (now proceeding without the assistance of counsel) sought an extension of time to seek reconsideration and to extend the time to file a notice of appeal. (Docs. 136, 137). The Court granted both requests and extended Gosier's deadline by 30 days—to October 9, 2025. (Doc. 138). Gosier filed his motion for reconsideration on October 10, 2025. Defendants responded in opposition, and Gosier moved for leave to file a reply brief. (Docs. 144, 145).

## LEGAL STANDARD

Both Rule 59(e) and Rule 60(b) of the Rules of the Civil Procedures authorize the Court to reconsider its final orders and judgments in certain circumstances. The applicable rule "depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006)). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*,

981 F.2d 299, 301 (7th Cir. 1992)).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 589 (7th Cir. 2012)). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted).

Rule 60(b) relief is "an extraordinary remedy and is granted only in exceptional circumstances." *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). The rule allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). It is also not an appropriate vehicle for rehashing old arguments or for presenting arguments that should have been raised before the court made its decision. *Karraker v. Rent-A-Ctr., Inc.*, 411 F.3d 831, 837 (7th Cir. 2005); *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000).

### DISCUSSION

Before proceeding further, the Court feels compelled to clarify one matter. On September 9, 2025, Gosier sought an extension of time to seek reconsideration of the Court's summary judgment order, citing health issues and difficulties visiting the

prison's law library. (Doc. 136). He also moved for an extension of the deadline to file a notice of appeal. (Doc. 137). The Court granted both requests, but its order may have inadvertently confused matters.

To the extent Gosier hoped to rely on Rule 59(e), an extension was unavailable. *See* Fed. R. Civ. P. 6(b)(2) (stating that a court "must not extend the time to act under" Rule 59(e)). Rule 6(b) also forbids an extension of time to file a motion under Rule 60(b). However, the Court's extension was likely immaterial here because a party must move for relief under that rule "within a reasonable time" and for sub-paragraphs (1), (2), and (3), within a year. *See* Fed. R. Civ. P. 60(c)(1). Gosier filed his motion approximately eight weeks after the Court entered judgment, and no party has argued that period was unreasonable.

The Court also granted Gosier an additional 30 days to file a notice of appeal. That was error. In general, a notice of appeal must be filed within 30 days of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). Thus, Gosier's deadline to file a notice of appeal was September 3, 2025—30 days from the date of the judgment. The Court is permitted to extend that period provided the party demonstrates "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii). However, "[n]o extension under this [rule] may exceed 30 days *after the prescribed time* or 14 days after the date when the order granting the motion is entered, *whichever is later*." Fed. R. App. P. 4(a)(5)(C) (emphasis added). The Court's order, entered September 9, 2025, purported to extend the deadline by 30 days, but the plain text of Rule 4(a)(5)(C) only permitted an extension to October 3, 2025.

Of course, Gosier never filed a notice of appeal within this deadline. However, he may have intended to rely on Rules 4(a)(4)(A)(iv) and (vi), which toll the appeal deadline while the district court considers a motion to alter or amend the judgment under Rule 59(e) or a Rule 60 motion that is "filed within the time allowed for filing a motion under Rule 59." To obtain the benefit of that provision, the party must file the reconsideration motion "within the time allowed by those rules." Fed. R. App. P. 4(a)(4)(A). Here, despite the Court's order purporting to extend the time for Gosier to file a motion for reconsideration, it is undeniable that his motion was not filed within Rule 59(e)'s 28-day window. Nonetheless, the Court regrets any confusion caused by its order.

That said, the Court finds that Gosier is not entitled to relief on the merits. He principally argues that he should be permitted to amend the complaint to assert a claim against Kimberly Litteken. He says that his attorney, Geoffrey Belzer, knew of facts supporting a claim against Ms. Litteken but "deliberately ignored or disregarded" his repeated requests to amend the complaint to include her as a defendant.

Gosier does not specify which rule he believes authorizes relief in these circumstances. Generously construed, Rule 60(b)(1) may be applicable if his attorney's failure to amend the complaint qualified as "mistake, inadvertence, surprise, or excusable neglect." The Seventh Circuit has held that "attorney carelessness can constitute 'excusable neglect' under Rule 60(b)(1)." *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004). Of course, "[i]nexcusable neglect on the part of an attorney *is not* grounds for granting a Rule 60(b)(1) motion." *Sparrow v. Heller*, 116 F.3d 204, 206 (7th Cir. 1997) (emphasis added). In determining whether a party has established "excusable neglect," the inquiry

is essentially equitable in nature, "taking account of all relevant circumstances surrounding the party's omission." *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756, 759 (7th Cir. 2015) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.,* 507 U.S. 380, 395 (1993)). These include "the good faith and reason for the delay, whether it was within the movant's control, the danger of prejudice to the non-movant, and the interests of efficient judicial administration. *Hawkins v. City of Harvey*, No. 21-04777, 2025 WL 2483180, at 5 (N.D. Ill. Aug. 28, 2025) (citing *United States v. Brown*, 133 F.3d 993, 996 (7th Cir. 1998)).

There is at least some evidence that attorney Belzer was under the mistaken impression that Ms. Litteken was a defendant in this action. Notably, he referred to her as a defendant in his response to Defendants' summary judgment motion. (Doc. 126, p. 6). Defendants noted this discrepancy in their reply brief, but attorney Belzer took no further action to address the issue. (Doc. 133, p. 7).

Gosier does not explain why attorney Belzer declined to seek leave to amend the complaint or why his failure to do so should be deemed excusable. That is fatal to his argument. Where a party offers "no explanation for his attorney's neglect, [] there is no reason to consider it excusable." *Longs v. City of S. Bend*, 201 F. App'x 361, 365 (7th Cir. 2006). After all, litigants are bound by the actions, inactions, and mistakes of their attorneys. *Choice Hotels Int'l, Inc. v. Grover*, 792 F.3d 753, 754 (7th Cir. 2015); *United States v. 8136 S. Dobson St.,* 125 F.3d 1076, 1084 (7th Cir. 1997) ("[A] client is bound by his chosen agent's deeds, whether it be negligence, gross negligence, or even willful conduct."). The client's remedy in such circumstances typically is a malpractice lawsuit. *Grover*, 792 F.3d at 754.

The closest Gosier comes to justifying relief is his allegation that attorney Belzer "deliberately ignored or disregarded" his exhortations to amend the complaint, perhaps indicating that he was abandoned by counsel. (Doc. 143, p. 4). It is true the Seventh Circuit has acknowledged that "[a]bandoned clients who take reasonable steps to protect themselves can expect to have judgments reopened under Rule 60(b)(1)." *Moje*, 792 F.3d at 759. That is because the lawyer's abandonment "ends the agency relation" between attorney and client. *Id.* at 758. But that rule is subject to the proviso that abandonment, if found, "leaves the client responsible for its own conduct, . . . and [] the question becomes whether *the litigant's* conduct constituted excusable neglect." *Id.* (emphasis added).

Here, even assuming Gosier was abandoned, his conduct does demonstrate excusable neglect. At multiple points in the litigation, Gosier filed documents on the docket while represented by attorney Belzer. The Court repeatedly reminded him that this was improper and stated that it would strike pleadings that were not signed by his counsel "aside from a pleading asking that his counsel withdraw from representation." (Doc. 95; *see also* Docs. 110, 112, 119, 122, 130). The Court also entertained Gosier's concerns that attorney Belzer might have withdrawn from the representation *sub silentio*, ordering attorney Belzer to contact Gosier and file a status report. (Docs. 101, 102). Based on his report, the Court was satisfied that attorney Belzer "remain[ed] active in litigating this case on behalf of Mr. Gosier." (Doc. 108). If Gosier believed that attorney Belzer had abandoned him or was performing deficiently after that point, he was on notice that he could file a motion to have him withdraw. If he truly was abandoned, it was his responsibility to take action. *See Grover*, 792 F.3d at 756 ("Litigants who know or strongly

suspect that their lawyers are asleep on the job must act to protect their own interests by hiring someone else."). Gosier has never offered a justification for failing to act. Thus, there is no basis to find that either he or his counsel acted with excusable neglect, and consequently, there is no reason to reopen the judgment of dismissal.

But *even if* there were a reason to do so, there is no reason to think a different outcome would result.

Gosier insists that there is sufficient evidence in the record to create a genuine dispute of material fact as to Ms. Litteken's liability were he permitted to further amend the complaint to name her as a defendant. In its prior order, the Court acknowledged that Ms. Litteken was the individual who confiscated Gosier's clemency paperwork. (Doc. 134, p. 3). She informed Gosier in a form dated November 16, 2018, but the form did not establish when the prison received the mail. (*Id.*). However, Ms. Litteken testified that "mailroom staff typically tried not to let mail sit for more than three days before getting it out to the recipients." (*Id.*). Based on this uncontroverted evidence, the Court found that "[e]ven in light most favorable to Gosier, the submitted evidence suggests that Pinckneyville received the mail after the [October 25, 2018] deadline to submit a clemency petition had passed." (*Id.* at p. 8). The Court also remarked that Gosier "offer[ed] no evidence that the mail was received substantially earlier or before the deadline." (*Id.*).

In his present motion, Gosier points to Ms. Litteken's testimony that she "couldn't say a hundred percent" how long the mail had been at the prison before she sent him the notice that it had been confiscated. (Dep. of Kimberly Litteken, Doc. 128-3, p. 6). Yet attorney Belzer already raised this point in his response to Defendants' summary

Page 9 of 11

judgment motion (Doc. 126, pp. 7-8), and Rule 60(b) is not a proper vehicle to raise arguments that already were considered by the Court. *See Moore v. Cingular Wireless Corp.*, 207 F. App'x 717, 718 (7th Cir. 2006) (explaining that a Rule 60(b) motion should not raise arguments that could have been brought on direct appeal). In any event, the Court stands by its prior conclusion. Ms. Litteken's testimony that she was uncertain about the date the prison received the legal materials addressed to Gosier does little to establish that the prison *actually* received those materials in time for it to have made a difference to Gosier's clemency application. After all, she testified that the prison generally processed mail within three days of receiving it, and there is no reason to think that the prison received and processed the mail outside the ordinary course here. Gosier insists that all factual disputes must be resolved in his favor on summary judgment, but the Court is not required to "draw[] inferences that are supported by only speculation or conjecture." *Osborn v. JAB Mgmt. Servs., Inc.*, 126 F.4th 1250, 1258 (7th Cir. 2025) (quoting *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008)).

In a final grasp, Gosier asserts that the PRB's chairman granted him a 90-day extension to file his clemency application, so Ms. Litteken's confiscation, even if it occurred in November, may have affected to his ability to file a successful application. But he conceded in his summary judgment briefing that the applicable deadline was October 25, 2018 (Doc. 126, p. 2), and he does not explain why any dispute with attorney Belzer is relevant to *that* fact. In any event, the letter from the PRB chairman cannot plausibly be read to authorize an extension of the filing deadline. (Doc. 143, p. 8). The letter was written in response to correspondence from Gosier seeking "early

release/Executive Clemency." (*Id.*). The chairman informed Gosier that the next available clemency docket, in January 2019, had "a filing deadline of October 25, 2018," and that "[t]he filing procedures must be strictly followed in order to bring this matter to the attention of the Governor." (*Id.*). He closed the letter by stating that the PRB would "hold [Gosier's] previous correspondence and photos for 90 days and add them to your completed petition upon receipt." (*Id.*). Nothing in the letter indicates that the Chairman had extended Gosier's deadline to file the petition. He simply informed Gosier that the PRB would retain his documents for 90 days, presumably to add to a clemency petition if Gosier chose to timely file one.

Gosier has not offered any basis to reopen or revisit the prior judgment. His motion therefore will be denied.

### CONCLUSION

For the reasons outlined above, Gosier's motion for leave to file a reply brief and clarify position (Doc. 145) is **GRANTED**, and the proposed brief (Doc. 145-1) is deemed properly filed. However, the motion for reconsideration or to alter or amend the judgment (Doc. 143) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  June 8, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**